RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 9/19/11
JDB

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| MARK SAVOY | DOCKET NO. 11-CV-936; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| WARDEN, CATAHOULA CORRECTIONAL CENTER | MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION

Pro se Petitioner Mark Savoy filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. Petitioner failed to submit documents on approved forms and failed to submit either the five dollar ($5.00) filing fee or an application to proceed *in forma pauperis* (IFP). On July 15, 2011, a memorandum order was issued directing Petitioner to submit either the filing fee or an IFP. [Doc. #3] On July 25, 2011, the order was returned to the clerk of court marked as undeliverable - inmate not found. To date, Petitioner has not updated his address with the Clerk of Court and has failed to comply with the memorandum order.

Federal Rule of Civil Procedure Rule 41(b) permits dismissal of claims "for failure of the Petitioner to prosecute or to comply with ... any order of court...." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. Link v. Wabash R.R.Co., 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the

disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir.1988).

Further, Rule 41.3 of the Local Rules for the Western District of Louisiana provides that "[t]he failure of an attorney or pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of 30 days."

Because Petitioner has failed to comply with a court order and because more than thirty days have gone by and Petitioner has not corrected his address with the court,

**IT IS RECOMMENDED** that his petition be **DISMISSED WITHOUT PREJUDICE** in accordance with the provisions of FRCP Rule 41(b) and Local Rule 41.3.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to

the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See*, <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

Thus done and signed at Alexandria, Louisiana, this 16th day of September, 2011.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE